**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

In re:                                                        Chapter 11

WHX Corporation,                                              Case No. 05-11444 (ALG)


             Debtor.
------------------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTIONS 328(A) AND 1103(A)**
**OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT**
**OF IMPERIAL CAPITAL, LLC AS FINANCIAL ADVISOR TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**EFFECTIVE AS OF MARCH 16, 2005**
**[Re: Docket No. 63]**


Upon the application (the "Application"), dated April 8, 2005, of the Official Committee

of Unsecured Creditors of WHX Corporation (the "Committee") in the above-captioned chapter

11 case for entry of an order, under sections 328(a) and 1103(a) of title 11 of the United States

Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), authorizing the employment and retention of Imperial Capital, LLC

("Imperial") as the Committee's financial advisor, effective as of March 16, 2005, pursuant to

the terms of Imperial's engagement letter dated as of March 16, 2005 (the "Engagement Letter")

[Docket No. 63]; and the Affidavit of John McNamara dated April 8, 2005, in support of the

Application (the "McNamara Affidavit") [an attachment to Docket No. 63]; and a hearing to

consider the Application on an interim basis having been held on April 20, 2005; and an order

approving the Application on an interim basis having been entered on April 20, 2005 [Docket

No. 73]; and no objections having been filed to the Application or pursuant to the Final Notice of

Hearing on the Application [Docket No. 78] prior to the objection deadline therefor; and a

hearing (the "Final Hearing") having been held on June 2, 2005 to approve the Application on a

17479422\V-1

final basis; and the Court being satisfied, based on the representations made in the Application,

in the McNamara Affidavit and/or at the Final Hearing, that (i) Imperial does not hold or

represent an interest adverse to the Debtor, (ii) Imperial is a "disinterested person" as that term is

defined in under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code, (iii) the retention of Imperial by the Committee is necessary and in the best

interest of the Debtor, its creditors and estate, and (iv) the terms and conditions of Imperial's

employment as set forth in the Application and the Engagement Letter are fair and reasonable,

including, without limitation, the Fee Structure and Indemnity (in each case as defined in the

Application); and the Court having jurisdiction to consider and determine the Application as a

core proceeding under 28 U.S.C. §§ 157 and 1334; and it appearing that good and sufficient

notice having been given and no other or further notice need be given; and after due deliberation

and sufficient cause appearing therefor, and upon the record of the hearing on June 2, 2005, it is

hereby

ORDERED that, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the

Application is hereby granted on a final basis and that Imperial is hereby employed as the

Committee's financial advisors, effective as of March 16, 2005, on the terms and conditions set

forth in the Engagement Letter, as modified in the Application; and it is further

ORDERED that the terms and conditions of Imperial's retention, including, without

limitation, the Fee Structure and the Indemnity are approved pursuant to section 328(a) of the

Bankruptcy Code; and it is further

ORDERED that Imperial shall be compensated and reimbursed in accordance with the

terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the

Bankruptcy Code and not subject to review for reasonableness under section 330 of the

Bankruptcy Code, except as provided for in the next paragraph below, subject to the approval of

2.

17479422\V-1

this Court and the procedures set forth in the Application, including, without limitation, the

Additional Procedures (as defined therein), the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), and the further orders of this Court; and it is further

ORDERED that, the United States Trustee retains all rights to object to Imperial's interim

and final fee applications (including expense reimbursement) on grounds including, without

limitation, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and

it is further

ORDERED that, the Debtor is authorized and directed to indemnify and hold harmless

Imperial and the other Indemnified Persons (as defined in the Engagement Letter) pursuant to the

indemnification provisions of the Engagement Letter and subject to the following conditions:

(a)      all requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person; and

(b)      in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of Engagement Letter if the Debtor, their estates, or the statutory committee of unsecured creditors (once appointed) assert a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person; and

(c)      in the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtor pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to Imperial's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; and it is further

3.

17479422\V-1

4.

ORDERED that, to the extent that this order is inconsistent with any prior order,

pleading, or the Engagement Letter with respect to Imperial, the terms of this Order shall govern;

and it is further

ORDERED that this Court shall retain jurisdiction to continue and enforce the terms of

the Application, the Engagement Letter and this Order.


Dated:   New York, New York
         June 3, 2005


        _/s/ Allan L. Gropper_____ _
        UNITED STATES BANKRUPTCY JUDGE

4.

17479422\V-1