UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                           :        Chapter 11
                                                 :
WHX Corporation,                                 :        Case No. 05-11444 (ALG)
                                                 :
                                                 :
                        Debtor.                  :

------------------------------------------------------------------x

## FINAL ORDER AUTHORIZING EMPLOYMENT OF
## CHANIN CAPITAL L.L.C. AS FINANCIAL ADVISOR
## TO THE OFFICIAL COMMITTEE OF PREFERRED EQUITY SECURITY
## HOLDERS EFFECTIVE AS OF APRIL 29, 2005

Upon consideration of the application (the "Application") of the Official Committee of Preferred Equity Security Holders (the "Committee") of the debtor and debtor-in possession (the "Debtor") in the above-captioned chapter 11 case for entry of an order, under sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Chanin Capital L.L.C. ("Chanin") as its financial advisor, effective as of April 29, 2005, pursuant to the terms of Chanin's engagement letter dated as of April 29, 2005 (the "Engagement Letter"); and the Court having considered the Application and the Affidavit of Richard Morgner dated May 3, 2005, in support of the Application; **and an order approving the application on an interim basis having been entered on May 10, 2005 (Docket No. 90); and no objection having been filed to the Application prior to the objection deadline therefore; and a hearing (the "Final Hearing") having been held on June 2, 2005 to approve the Application on an final basis; and the court being satisfied that** ~~and it appearing that~~ (i) Chanin does not hold or represent an interest adverse to the Debtor, (ii) Chanin is a "disinterested person" as that term is defined in under section 101(14) of the Bankruptcy Code, (iii) the retention of Chanin by the Committee is necessary and in the best interest of the

NYC:139474.1

Committee, and (iv) the terms and conditions of Chanin's employment as set forth in the Application and the Engagement Letter (as defined in the Application) are fair and reasonable, including, without limitation, the Fee Structure and Indemnity (in each case as defined in the Application); and the Court having jurisdiction to consider and determine the Application as a core proceeding under 28 U.S.C. §§ 157 and 1334; and it appearing that notice has been given and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, **and upon the record of the hearing on June 2, 2005,** it is hereby

ORDERED that, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Application is hereby granted on a final basis, and Chanin is hereby employed as the Committee's financial advisors, as of April 29, 2005, on the terms and conditions set forth in the Engagement Letter; and it is further

ORDERED that the terms and conditions of Chanin's retention are approved on a final basis pursuant to section 328(a) of the Bankruptcy Code and Chanin shall be compensated and **reimbursed** in accordance with the terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review for reasonableness under section 330 of the Bankruptcy Code, except as provided for below, subject to the approval of this Court, and the procedures set forth in the Application, including, without limitation, the Additional Procedures (as defined therein), the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the further orders of this Court; and it is further

ORDERED that, the United States Trustee retains all rights to object to Chanin's interim and final fee applications (including expense reimbursement) on grounds including, without limitation, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and

2

it is further

ORDERED that, the Debtor is authorized and directed to indemnify and hold harmless Chanin and the other Indemnified Persons (as defined in the Engagement Letter) pursuant to the indemnification provisions of the Engagement Letter and subject to the following conditions:

(a)     all requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; ~~and~~ **provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith; self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person; and**

(b)     in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of Engagement Letter if the Debtor, its estate, or the Committee assert a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person; and

(c)     in the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtor pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to Chanin's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; and it is further

ORDERED that, to the extent any term of this order is inconsistent with the Engagement Letter, the terms of this order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters

arising from or related to the implementation of this Interim Order.

Dated:  June 3, 2005

                                        /s/ Allan L. Gropper                   
                                    United States Bankruptcy Judge

4

NYC:139474.1